UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANTONYO TAYLOR,

        Petitioner,

v.

                                  Criminal No. 2:22cr127

UNITED STATES OF AMERICA,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Antonyo Taylor's ("Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 46. Petitioner's motion, filed pro se, asserts that his lawyer provided ineffective assistance during the plea and sentencing stages of his case. For the reasons discussed below, Petitioner's § 2255 motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In October of 2022, Petitioner was named in an eight-count indictment returned by a federal grand jury. ECF No. 1. Petitioner subsequently pled guilty to two counts of a separately filed criminal information: Count One - making a false statement during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A); and Count Two - felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 27, at 1; ECF No. 31. In May of 2023, Petitioner was sentenced to 180 months'

imprisonment, consisting of 60 months on Count One and 120 months on Count Two, all to be served consecutively.  ECF No. 43, at 2.

In March of 2024, Petitioner filed the instant § 2255 motion. ECF No. 46.  The Government filed a brief in opposition, ECF No. 51, and Petitioner did not file a reply brief.  This matter is now ripe for review.

## II. STANDARD OF REVIEW

### A. Relief under 28 U.S.C. § 2255

A federal prisoner may collaterally challenge their conviction or sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or [the sentence or conviction] is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  A petitioner must prove the asserted grounds for relief by a preponderance of the evidence.  Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

While § 2255 does provide grounds for post-sentence collateral review, the United States Supreme Court has substantially limited the availability of collateral relief for federal inmates who pled guilty through a process consistent with federal law: "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may

2

not be collaterally attacked." <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984), <u>disapproved of on other grounds by</u> <u>Puckett v. United States</u>, 556 U.S. 129, 137 (2009). When a petitioner collaterally attacks a conviction or sentence based on claims that could have been, but were not, raised on direct appeal, those claims are procedurally defaulted. <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999). The Court is barred from reaching the merits of any defaulted claim unless the petitioner first demonstrates both "cause" excusing the failure to directly appeal the alleged error and "actual prejudice." <u>Id.</u>

If cause and prejudice are not shown, a petitioner can alternatively seek to excuse the default through the "actual innocence" gateway, which requires the petitioner to "demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327-28 (1995)). Because "'actual innocence' means factual innocence, not mere legal insufficiency," the Government "is not limited to the existing record to rebut" the petitioner's claim and may instead "present any admissible evidence of [the] petitioner's guilt." <u>Id.</u> at 623-24.

### B. Facial vs. As-Applied Challenge

To succeed on a facial constitutional challenge, a petitioner "must establish that no set of circumstances exists under which

3

[the statute] would be valid." United States v. Hosford, 843 F.3d 161, 165 (4th Cir. 2016) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).  "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'"  Id. (quoting Salerno, 481 U.S. at 745).  On the other hand, to succeed on an as-applied challenge, a petitioner must establish "only that the law is unconstitutional as applied to [their] case."  United States v. Mgmt. Consulting, Inc., 636 F. Supp. 3d 610, 619 (E.D. Va. 2022).

## C. Ineffective Assistance of Counsel

Review of a § 2255 claim that alleges ineffective assistance of counsel is not limited by the doctrine of procedural default. Rather, ineffective assistance of counsel claims are properly asserted for the first time in a § 2255 motion.  See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).  Ineffective assistance claims are grounded in the Sixth Amendment to the U.S. Constitution, which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the assistance of counsel for his defence."  U.S. Const. amend. VI.  The Supreme Court has interpreted the right to the assistance of counsel as including "the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970)).  To obtain relief based on an allegation of ineffective assistance, a petitioner

4

must establish both: (1) that counsel's performance was so deficient that it "fell below an objective standard of reasonableness"; and (2) that counsel's inadequate performance resulted in prejudice to the petitioner. Id. at 687.

With respect to performance, the Constitution does not guarantee errorless representation; rather, deficient performance requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). As "it is all too easy" to challenge an act, omission, or strategy after it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight" by "evaluat[ing] the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Ultimately, the "basic lesson" of Strickland is not just deference but high deference, and attorneys "can be selective and strategic without risking an ineffective assistance of counsel claim." United States v. Mason, 774 F.3d 824, 828, 830 (4th Cir. 2014).

Considering Strickland's prejudice prong, a petitioner must affirmatively prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

### III. DISCUSSION

Petitioner contends that the Court should set aside or correct his conviction and resulting sentence because defense counsel provided ineffective assistance by: (1) failing to challenge the constitutionality of § 922(g)(1), on its face and as-applied to Petitioner; and (2) failing to object to the imposition of consecutive sentences on Counts One and Two. ECF No. 47, at 1, 3. For the reasons discussed below, both claims fail.

### A. Ineffective Assistance of Counsel Claims

### 1. Bruen Challenge

Petitioner's first claim is that counsel was constitutionally ineffective for failing to inform Petitioner of the Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 597 U.S. 1 (2022), and then subsequently failing to challenge the constitutionality of Petitioner's § 922(g)(1) conviction in light of that decision. ECF No. 47, at 7. To effectively evaluate the merits of Petitioner's ineffective assistance challenge, it is necessary to first understand Second Amendment jurisprudence,

6

including Bruen, and then determine the merits of the facial and as-applied challenges that Petitioner claims defense counsel should have raised.

### a. Recent Developments in Second Amendment Jurisprudence

The Second Amendment to the Constitution provides that: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.   In District of Columbia v. Heller, the Supreme Court struck down a District of Columbia law that prohibited the private possession of handguns in homes.   554 U.S. 570, 635 (2008).   In reaching its conclusion, the Court considered the text and history of the Second Amendment and concluded that it protected "the right of law-abiding, responsible citizens to use arms in defense of hearth and home."   Id. at 634.

After Heller, appellate courts across the country, including the Fourth Circuit, implemented a two-step approach to analyzing Second Amendment challenges.   United States v. Chester, 628 F.3d 673, 680 (4th Cir. 2010).   Under this test, courts first determined "whether the challenged law impose[d] a burden on conduct falling within the scope of the Second Amendment's guarantee [as its text was understood] at the time of ratification."   Id.   If the regulation fell within the scope of the Second Amendment, courts "applied sliding-scale, means-end scrutiny where the burden imposed on the right was weighed against the government's

interest." _United States v. Sullivan_, No. 4:24cr27, 2024 WL 3540987, at *2 (E.D. Va. July 25, 2024).

In 2022, this two-step approach was rejected by the Supreme Court in _Bruen_, with the "means-end scrutiny" portion of the test being deemed inconsistent with _Heller's_ reliance on text and history. _Bruen_, 597 U.S. at 19, 22.  In place of the "means-end" test, the Court created a two-part test that has been colloquially named the "_Bruen_ test."  The Court determined that under the first step of the _Bruen_ test, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  _Id._ at 17.  Accordingly, when conduct falls within the scope of the Second Amendment, the Government has the burden of "demonstrat[ing] that the regulation is consistent with this Nation's historical tradition of firearm regulation" at the second step of the _Bruen_ test.  _Id._  To carry its burden at step two and to prove the constitutionality of the regulation, the Government must "identify a well-established and representative historical analogue" with sufficient similarities to the regulation at issue, though it need not be "a historical twin."  _Id._ at 30.  The challenged regulation must be "'relevantly similar' to laws that our tradition is understood to permit." _United States v. Rahimi_, 144 S. Ct. 1889, 1898 (2024) (emphasis added).

8

**b. Merits of Facial and As-Applied Constitutional Challenges and Relationship to Prejudice Under <u>Strickland</u>**

To succeed on <u>Strickland</u>'s ineffective assistance of counsel test, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," and that counsel's actions fell below the objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 693-94. If a petitioner's claims are meritless, it is impossible that counsel's failure to raise them was unreasonable or that it changed the outcome of the proceeding. Here, Petitioner's facial and as-applied challenges to § 922(g)(1) fail on the merits due to the presumptive lawfulness of felon disarmament laws. In the alternative, Petitioner's failure to meet his burden under part one of the <u>Bruen</u> test, and the Government's ability to meet its burden under part two of the <u>Bruen</u> test, also cause his as-applied claim to fail on the merits. Accordingly, as explained below, Petitioner fails to demonstrate any unreasonableness in counsel's actions or decisions, or a reasonable probability that the outcome of his proceedings would have been different had counsel raised <u>Bruen</u> challenges.[1]

---

[1] Petitioner's memorandum in support of his § 2255 motion appears to make brief references to direct facial and as-applied challenges to the constitutionality of § 922(g)(1). Not only do these direct claims fail on the merits, but they are also procedurally defaulted. <u>Mikalajunas</u>, 186 F. 3d, at 490. Because Petitioner does not address this default in his memorandum and because he did not file a reply brief, Petitioner fails to carry his burden to establish that he had cause for not filing a direct appeal asserting these claims and that actual prejudice resulted. He likewise fails to demonstrate that he is actually innocent of the § 922(g)(1) crime to which he pled guilty. Accordingly, to the extent

### i. Applying the Presumptive Lawfulness of Felon Disarmament Laws to Facial and As-Applied Constitutional Challenges

Beginning with Petitioner's facial challenge, neither <u>Bruen</u> nor any of the aforementioned Supreme Court cases discuss the facial constitutionality of § 922(g)(1).  Since the Supreme Court has not squarely addressed the constitutionality of § 922(g)(1), this Court is bound by Fourth Circuit precedent, which has expressly rejected the position that § 922(g)(1) is facially unconstitutional.  Specifically, the Fourth Circuit has held that "Section 922(g)(1) is facially constitutional because it 'has a plainly legitimate sweep' and may constitutionally be applied in at least some 'set of circumstances.'"  <u>United States v. Canada</u>, 123 F.4th 159, 161 (4th Cir. 2024) (quoting <u>Washington State Grange v. Washington State Republican Party</u>, 552 U.S. 442, 449 (2008)). Because <u>Canada</u> is published binding precedent in this Circuit, it conclusively establishes that any facial challenge to § 922(g)(1) would have been meritless.  Petitioner therefore cannot demonstrate a reasonable probability of a different outcome had his lawyer raised a facial challenge.

Similarly, Petitioner fails to demonstrate a reasonable probability that his as-applied challenge would have been successful.  In the wake of <u>Heller</u>, but prior to <u>Bruen</u>, the Fourth Circuit upheld the constitutionality of § 922(g)(1) when

---

Petitioner seeks to assert a direct claim challenging the constitutionality of his § 922(g)(1) conviction, such claim is dismissed as procedurally defaulted and is alternatively denied on the merits.

addressing as-applied challenges advanced by two different convicted felons. See United States v. Moore, 666 F.3d 313, 315 (4th Cir. 2012); United States v. Pruess, 703 F.3d 242, 244 (4th Cir. 2012). While it is true that Bruen rejected the step two "means-end" balancing test that was applied in Moore and Pruess, the Fourth Circuit's holdings did not turn on the application of this now abrogated test, and instead "relied on the presumptive lawfulness of felon-disarmament laws," as provided in Heller. Sullivan, 2024 WL 3540987, at *3. Because the Fourth Circuit's previous decisions rejecting as-applied challenges to § 922(g)(1) were not rendered untenable by Bruen and Rahimi and can be read harmoniously with these Supreme Court decisions, they remain binding. United States v. Hunt, -- F.4th --, No. 22-4525, 2024 WL 5149611, at *3 (4th Cir. Dec. 18, 2024).

Consistent with the holdings of other judges of this Court, Bruen's adoption of a new standard at step two of the test left "the 'presumptive lawfulness' of felon in possession statutes undisturbed," as the Supreme Court's discussion of that issue was expressly consistent with its prior decisions in Heller and McDonald v. City of Chicago, 561 U.S. 742 (2010). United States v. Riley, 635 F. Supp. 3d 411, 422 (E.D. Va. 2022) (quoting Bruen 597 U.S. at 31); see also Hunt, 2024 WL 5149611, at *4. In fact, multiple justices writing separately in Bruen stressed that the decision did not disturb Heller's and McDonald's recognition of

the presumptive validity of "longstanding prohibitions on the possession of firearms by felons." _Bruen_, 142 S. Ct. at 2162 (Kavanaugh, J., concurring).[2] This still-valid presumption first articulated in _Heller_ was very recently reaffirmed by the Supreme Court. _Rahimi_, 144 S. Ct. at 1902.

In _Rahimi_, the Court explained that "_Heller_ never established a categorical rule that the Constitution prohibits regulations that forbid firearm possession in the home;" instead, _Heller_ "stated that many such prohibitions, like those on the possession of firearms by 'felons and the mentally ill,' are 'presumptively lawful.'" _Id._ Therefore, this Court finds that _Bruen_ did not undermine _Heller's_ recognition that prohibitions on the possession of firearms by felons are presumptively lawful, and thus, did not implicitly overturn _Moore_ or _Pruess_. Accordingly, the Court finds that Petitioner's as-applied challenge asserting that his status as a felon is not a valid basis to disarm him is controlled by _Moore_ and _Pruess_. _Hunt_, 2024 WL 5149611, at *3-4.

In conclusion, before even reaching the first step of the _Bruen_ test, Petitioner's claim fails. Because any challenge raised either facially or as-applied by Petitioner would fail on the merits due to the presumptive lawfulness of felon in possession

---

[2] _See also_ _Bruen_, 142 S. Ct. at 2157 (Alito, J., concurring) ("Nor have we disturbed anything that we said in _Heller_ or _McDonald_ about restrictions that may be imposed on the possession or carrying of guns."); _id._ at 2189 (Breyer, J., dissenting) ("Like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on [the firearms regulations that] _Heller_ identified as 'presumptively lawful.'").

laws, there would have been no impact on Petitioner's conviction or sentence.   Since there is not a reasonable probability of a change in outcome, Petitioner fails to show he suffered prejudice because of defense counsel's alleged shortcomings.   Similarly, Petitioner is unable to demonstrate that counsel's failure to raise these meritless claims was unreasonable.   As a result, Petitioner's ineffective assistance claim fails.

### ii. First Step of Bruen Test: Whether the Text of the Second Amendment Covers an Individual's Conduct

Even if this Court were not bound by Moore and Pruess, it would nevertheless conclude that Petitioner's challenges to his § 922(g)(1) conviction and sentence fail both parts of the Bruen test.   Petitioner therefore fails to show ineffective assistance.

As a majority of judges of this Court have held, under the first part of the Bruen test, "felons are not considered a part of 'the people' as historically understood."   United States v. Hill, 703 F. Supp. 3d 729, 740-42 (E.D. Va. 2023); see Riley, 635 F. Supp. 3d at 424 (finding that "[a] plain reading of the text demonstrates that" the term "the people" as provided in the Second Amendment "remains limited to those within the political community and not those classified as felons"); United States v. Lane, 689 F. Supp. 3d 232, 243 (E.D. Va. 2023) (same); United States v. Jernigan, No. 3:24cr104, 2024 WL 4294648, at *3 (E.D. Va. Sept. 24, 2024) (same); Sullivan, 2024 WL 3540987, at *5 (same).   The Fourth Circuit recently reaffirmed this, holding that the Second

Amendment protects firearm possession by the law-abiding, not by felons. Hunt, 2024 WL 5149611, at *5. Like the defendants in these cases, as a felon, Petitioner's possession of a firearm falls outside the scope of the Second Amendment's coverage. Because Petitioner is not covered by the Second Amendment, he cannot successfully demonstrate that his lawyer's failure to challenge the constitutionality of § 922(g)(1) under Bruen was unreasonable or that it resulted in any prejudice.

### iii. Second Part of Bruen Test: Historical Analogue

Even if Petitioner was found to be a part of "the people" under part one of the Bruen test, under part two of the test Petitioner's § 922(g)(1) challenge would still fail. Felon in possession laws have been repeatedly found to be "consistent with the Founder's understanding of the Second Amendment at ratification" based on the "historical reason-by-analogy approach." Riley, 635 F. Supp. 3d at 426; see also United States v. Coleman, 698 F. Supp. 3d 851, 866-70 (E.D. Va. Oct. 12, 2023); Sullivan, 2024 WL 3540987, at *4. In other words, felon in possession laws have representative historical analogues.

Consistent with these authorities, the undersigned judge has previously held that published case law reveals a historical tradition of categorical restriction of liberties for felons. United States vs. Rosell, No. 4:24cr50, 2024 WL 4453774, *5-6 (E.D. Va. Oct. 9, 2024). This Court found that estate forfeiture and

capital punishment are the most instructive historical analogues.
Id.   These analogues show a historical tradition of severe
categorical punishment for felons, which included depravation of
life and liberty, that may be logically extended to the right to
possess firearms.   Thus, the case-specific record demonstrates
that disarming Petitioner (who has been convicted of numerous
felonies) fits within this tradition of serious and at times
irreversible punishment for felons.   See United States v. Diaz,
116 F.4th 458, 468 (5th Cir. 2024); Hunt, 2024 WL 5149611, at *6.
Consequently, Petitioner again fails to establish constitutionally
deficient performance or resulting prejudice.

*   *   *

In summary, because there is no merit to Petitioner's facial
and as-applied challenges to § 922(g)(1), Petitioner is unable to
show that defense counsel performed deficiently or that counsel's
performance caused him prejudice.   United States v. Cannon, No.
1:18cr454, 2024 WL 3253270, at *6 (N.D. Ohio July 1, 2024); see
United States v. Vogt, 17 F.3d 1435, 1994 WL 52391, at *2 (4th
Cir. 1994) (finding that counsel was not constitutionally
ineffective for not pursing meritless claims); Krist v. Folz, 804
F.2d 944, 946 (6th Cir. 1986) (noting that "[a]n attorney is not
required to present a baseless defense or to create one that does
not exist").   Section 922(g)(1) is constitutional due to the
presumptive lawfulness of felon disarmament laws, Fourth Circuit

precedent, and as-applied to Petitioner. Accordingly, Petitioner's ineffective assistance claims based on Bruen fail both prongs of the Strickland test and are therefore **DENIED**.

### 2. Consecutive Sentence Challenge

Petitioner's second ineffective assistance claim alleges that defense counsel failed to object to the alleged improper imposition of consecutive sentences on Counts One and Two. "When an ineffective assistance claim relates to a sentencing issue, [to establish prejudice] a petitioner must demonstrate a 'reasonable probability that his sentence would have been more lenient' but for counsel's error." United States v. Mejia, No. 3:17cr54, 2024 WL 3634208, at *6 (W.D.N.C. Aug. 2, 2024) (quoting Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999)). Here, Petitioner fails to demonstrate a reasonable probability that his sentence would have been more lenient had counsel challenged the consecutive sentence.

Generally, a district court retains the discretion to sentence a defendant either concurrently or consecutively. 21A Am. Jur. 2d Criminal Law § 808. There is "no constitutional or statutory right to concurrent sentences." 18 U.S.C. § 3584; 24 C.J.S. Criminal Procedure and Rights of Accused § 2310. This Court has the discretion to determine the total punishment a defendant receives for each count they plead guilty to, subject to the statutory maximum and minimum penalties. U.S.S.G. § 5G1.2. After the Court considers the statutory range and the sentencing factors

outlined in 18 U.S.C. § 3553(a), "the only limitation on running sentences consecutively is that the resulting total sentence must be reasonable," and the court must state its reasons for imposing consecutive sentences. United States v. Covington, 565 F.3d 1336, 1347 (11th Cir. 2009); United States v. Richart, 662 F.3d 1037, 1054 (8th Cir. 2011).[3]

Petitioner's sole argument challenging his consecutive sentences contends that the Fourth Circuit's decision in United States vs. Henderson renders his total sentence unreasonable. In Henderson, the Fourth Circuit rejected the "notion that a person can be punished more severely for simultaneously violating multiple provisions of § 922(g) with the same act of possession." 88 F.4th 534, 537 (4th Cir. 2023); see also United States v. Dunford, 148 F.3d 385, 389 (4th Cir. 1998) (holding that "a person who is a member of more than one disqualifying class only violates § 922(g) once for each act of 'possession.'"). However, Petitioner was not convicted under multiple § 922(g) provisions. Rather, Petitioner pled guilty to one count of making a false statement

---

[3] Here, Petitioner's Advisory Guideline range was "restricted" to 180 months, and his sentences on Counts One and Two were run consecutively to impose a total sentence of 180 months. There is a Guideline provision that expressly calls for consecutive sentences in circumstances such as Petitioner's. See U.S.S.G. § 5G1.2 ("If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently, except to the extent otherwise required by law." However, if a sentence imposed on the count "carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.").

during the purchase of a firearm, in violation of 18 U.S.C. § 924(a)(1)(A), and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 25.  These distinct crimes cover different conduct, have different elements, and are codified in two separate statutory sections.  Therefore, <u>Henderson</u> is simply not applicable to Petitioner's case.

As such, Petitioner fails to make any persuasive legal or factual challenges establishing the unreasonableness of the imposition of consecutive sentences, or that his sentence would have been more lenient absent counsel's alleged error.  Therefore, Petitioner falls far short of establishing that counsel's failure to challenge this imposition of consecutive sentences was objectively unreasonable or that he suffered prejudice, failing to meet his burden under both <u>Strickland</u> prongs.  Petitioner's ineffective assistance claim based on a failure to challenge the imposition of a consecutive sentence is therefore **DENIED**.[4]

### IV. CONCLUSION

For the reasons explained above, Petitioner's ineffective assistance of counsel claims are **DENIED**.  To the extent

---

[4] Petitioner's memorandum in support of his § 2255 motion appears to make a brief reference to a direct challenge to the imposition of a consecutive sentence.  Not only does this direct claim fail on the merits, but it is also procedurally defaulted.  <u>Mikalajunas</u>, 186 F. 3d, at 490.  Because Petitioner does not address this default in his memorandum and because he did not file a reply brief, Petitioner fails to carry his burden to establish that he had cause for not filing a direct appeal asserting these claims, that actual prejudice resulted, or that he was actually innocent of the crimes to which he pled guilty.  Accordingly, to the extent Petitioner seeks to assert a direct claim, such claim is dismissed as procedurally defaulted and is alternatively denied on the merits.

Petitioner's § 2255 filings can be construed as advancing direct claims challenging his convictions or sentence, such claims are **DISMISSED** as procedurally defaulted and are alternatively **DENIED** on the merits.

Finding that the procedural basis for the dismissal is not debatable, and separately finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability as to his § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 335-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability ("COA") is denied by this Court, he may seek a COA from the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a COA from the Fourth Circuit, he must do so **within sixty (60) days** from the date of this Opinion and Order. Petitioner may seek a COA by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk is **REQUESTED** to send a copy of this Opinion and Order to Petitioner and to counsel for the Government.

**IT IS SO ORDERED.**

/s/

Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January  7  , 2025